

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 6166

-------------------------------------------------------------X

ESER DENIZCILIK VE TICARET LTD., STI,      :

        Plaintiff,      :      08 CV _____
                                    :      ECF CASE

    - against -      :

MED-ASIA SHIPPING LTD.,      :

        Defendant.      :

-------------------------------------------------------------X

## VERIFIED COMPLAINT

RECEIVED
JUL 07 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, ESER DENIZCILIK VE TICARET LTD. STI., (hereinafter referred to as "ESER"), by and through its attorneys, Tisdale Law Offices, LLC for its Verified Complaint against the Defendant, MED-ASIA SHIPPING LTD (hereinafter referred to as "MED-ASIA" or "Defendant") alleges, upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.      At all times material to this action, Plaintiff Eser was, and still is, a foreign company or other business entity organized under and existing by virtue of foreign law with a principal place of business in Istanbul.

3.      Upon information and belief, Defendant Med-Asia was a foreign corporation or other business entity organized under and existing by virtue of foreign law with a principal place of business in Hong Kong and was the Charterer of the Vessel HACI HASAN YARDIM (hereinafter the "Vessel").

4.      Pursuant to an amended GENCON Charter Party with Riders, dated October 17, 2002, Plaintiff chartered its Vessel to Med-Asia for the shipment of "upto a full and complete cargo of lawful merchandise."

5.      During the course of the charter party, certain disputes arose regarding the Defendant's failure to pay for cargo claims arising from cargo damage due to negligent discharge operations.  Thus, Defendants have breached the charter party causing loss and damage to the Plaintiff in the amount of $187,962.39.

6.      Despite due demand, the Defendants have failed to pay the amounts due and owing to the Plaintiff resulting from their breach of the charter party.

7.      Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

8.      Pursuant to the charter party, the Plaintiff has commenced arbitration and appointed its arbitrator.

9.      Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law.  As best as can now be estimated, Eser will be entitled to recover the following amounts under the final arbitration award:

| | | |
|---|---|---|
| A. | Principal claim: | $187,962.39 |
| B. | Interest at 7% compounded Quarterly for five years | $78,013.26 |
| C. | Estimated costs and fees | $100,000.00 |
| **Total** | | **$365,975.65** |

10.     The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P.

Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Societe Generale and/or Barclays Bank which are believed to be due and owing to the Defendant.

11.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Barclays Bank, and/or Societe Generale, which are due and owing to the Defendants, in the amount of **$365,975.65** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.    That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

    D.      That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

    E.      That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: July 7, 2008
      New York, NY

                    The Plaintiff,
                    ESER DENIZCILIK VE TICARET LTD., STI,

By: _____
                    Lauren C. Davies (LD 1980)
                    Thomas L. Tisdale (TT 5263)
                    TISDALE LAW OFFICES, LLC
                    11 West 42nd Street, Suite 900
                    New York, NY 10036
                    (212) 354-0025 – phone
                    (212) 869-0067 – fax
                    ldavies@tisdale-law.com
                    ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                    )     ss.:    Town of Southport
County of Fairfield  )

1.      My name is Lauren C. Davies.

2.      I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.      I am an attorney in the firm of Tisdale Law Offices LLC, attorneys for the

Plaintiff.

4.      I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information and

belief.

5.      The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

6.      The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents and/or

representatives of the Plaintiff.

7.      I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      July 7, 2008
             Southport, CT

                                     Lauren Cozzolino Davies